# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALBERT HODGES,<br>Plaintiff,<br>v.<br>A. PRETTIPUAL,<br>Defendant. | Case No. 1:26-cv-08846-SAB (PC)<br>ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED<br>(ECF No. 1)<br>**FOURTEEN-DAY DEADLINE** |

Plaintiff is proceeding *pro se* and *in forma pauperis* in this action brought through 42 U.S.C. §1983. Currently before the Court is Plaintiff's complaint, filed October 28, 2026. As part of the complaint, Plaintiff notes that he previously litigated this case in Hodges v. Pettipaul, Case No. 1:25-cv-00707-JLT-SAB. That previous case ended in a dismissal without prejudice for failure to exhaust administrative remedies. The Court begins by outlining the allegations in the instant complaint before analyzing whether collateral estoppel applies.

## I.

## ALLEGATIONS IN COMPLAINT

Plaintiff is James Albert Hodges, an inmate at Kern Valley State Prison ("KVSP"). (ECF No. 1.) Defendant is A. Prettipual, a psychologist at KVSP. (Id. at p. 2.) Plaintiff alleges that "this is my 2nd complaint, a[n] amended complaint. On May 21, 2025, I was feeling suicidal. I told a officer who put me in holding cage and called mental health[.] When Dr. Prettipual arrived

notice before Dr. [illegible] you they review your file so Dr. Prettipaul could know who he is dealing with so he said, Mr. Hodges, are you feeling suicidal? I said yes." (Id. at p. 3) (cleaned up). He asked me do you have a plan. I said yes I am going to cut my vein open and bleed and he then changed the subject. He said I see that you had an in-cell fight early this year. I said yes. And I said along the lines that it [illegible] scary or something." (Id.) (cleaned up). He asked if I had a celly. I said yes. He asked if we got along. I said yes. He said I'm going to clear you and tell C/O that interview on safety concerns and walked away smiling. I screamed out "Villa" he can't do this. I don't have safety concerns. I am suicidal, if you put me back in my cell I am going to attempt suicide." (Id.) (cleaned up). As Dr. Prettipaul was leaving out the back, he said you'll be okay. C/O Villa came to put me back in my cell. I told him that I am suicidal." (Id.) (cleaned up).

When Plaintiff was placed back in his cell, he alleges that he attempted to take his own life by cutting his arm. (Id. at p. 4.) Plaintiff alleges that Prettipaul violated policy and procedures regarding suicide prevention, as well as violating due process. (Id.) Plaintiff notes that "this complaint is amended" and cites to "Case No. 1:25-cv-00707-JLT-SAB." (Id.) Plaintiff prays for $500,000 in damages and $500,000 in punitive damages. (Id. at p. 5.)

## II.

## DISCUSSION

### A. Plaintiff's Case Is Barred by Failure to Exhaust Administrative Remedies

The Court has reviewed the previously cited case and finds that it is essentailly identical to the pleading in this case. Hodges v. Prettipaul, Case No. 1:25-cv-00707-JLT-SAB (the "previous case"). In the previous case, Plaintiff brought the same allegations, and the Court screened the complaint and found service appropriate. Id. at ECF No. 8, (E.D. Cal. July 3, 2026). The previous case was fully litigated through Defendant's motion for summary judgment, which the Court recommended be granted and that the case be dismissed for failure to exhaust administrative remedies. Id. at ECF No. 34 (E.D. Cal. Apr. 14, 2026). The assigned District Judge adopted the Court's findings and recommendations and dismissed the case without prejudice for failure to exhaust administrative remedies; the Clerk of the Court entered judgment.

(ECF Nos. 35, 36.)

The Court has reviewed Plaintiff's complaint here and finds that it states nothing different or more than Plaintiff's previously filed complaint in Hodges v. Prettipaul, No. 1:25-cv-00707-JLT-SAB. Indeed, Plaintiff has not even addressed the issue of administrative exhaustion in the present complaint, leaving the form unmarked in that section. (ECF No. 1, p. 3.) Though the previous case was dismissed without prejudice for failure to exhaust administrative remedies, that does not mean Plaintiff may simply refile the same case again and again—even when stylized as an "amended complaint."

Indeed, the doctrine of collateral estoppel prevents such a result. Under federal law, collateral estoppel "bars relitigation of issues adjudicated in an earlier proceeding if three requirements are met: '(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding.'" Hodges v. Deleon, No. 1:26-cv-08310-EPG, 2026 WL 3550183, at *1 (E.D. Cal. Nov. 18, 2026), quoting Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 (9th Cir. 2006).

Further, collateral estoppel can apply to a dismissal without prejudice if the determination being accorded preclusive effect was essential to the judgment of dismissal. See Gallegos v. Reinstein, No. 12-16736, 560 F. App'x 669 (9th Cir. Mar. 4, 2014) ("Dismissal of [the plaintiff's] claims related to a prior § 1983 action that the Arizona district court dismissed without prejudice was proper under the doctrine of collateral estoppel because the issues raised in these claims had been previously litigated, and were necessary to the prior judgment of dismissal."), citing McQuillion v. Schwarzenegger, 369 F.3d 1091, 1096 (9th Cir. 2004) and Deutsch v. Flannery, 823 F.2d 1361, 1364 (9th Cir. 1987).

"[T]he principle is simply that later courts should honor the first actual decision of a matter that has been actually litigated." 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4416 (3d ed. 1998). Collateral estoppel serves to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent

decisions, encourage reliance on adjudication." Allen v. McCurry, 449 U.S. 90, 94 (1980).

The Court finds that the issue of administrative exhaustion here is identical to the issue of administrative exhaustion litigated in the previous case. See Hodges v. Prettipaul, No. 1:25-cv-00707-JLT-SAB, ECF No. 34, Findings and Recommendations (E.D. Cal. Apr. 14, 2026), *report and recommendation adopted*, Id. at ECF No. 35, Order Adopting Findings and Recommendations (E.D. Cal. May 15, 2026). The Court also finds that the issue of administrative exhaustion was essential to the judgment of dismissal in the previous case because it was the basis for the dismissal. See id. Finally, the parties in the previous case and the instant case are identical. See id.

Therefore, it appears collateral estoppel applies, and Plaintiff's failure to exhaust administrative remedies bars the present lawsuit.

## III.

## CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall have **fourteen (14) days** from the receipt of this order to show cause why this case should not be dismissed for failure to exhaust administrative remedies.

If Plaintiff fails to file a response, this Court will recommend that this case be dismissed.

IT IS SO ORDERED.

Dated: **November 23, 2026**

STANLEY A. BOONE
United States Magistrate Judge